UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRETT MERIANNY,

Plaintiff,

v.

WAL-MART ASSOCIATES INC.,

Defendant.

Case No. 26-cv-03265-HSG

**ORDER DENYING MOTION TO REMAND**

Re: Dkt. No. 11

Pending before the Court is Plaintiff Brett Merianny's motion to remand. Dkt. No. 11. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

## I.    BACKGROUND

Plaintiff initially brought this case in Contra Costa County Superior Court against Defendant Wal-Mart Associates, Inc. *See* Dkt. No. 1-2, Ex. B ("Compl."). Plaintiff alleges that she was injured while working for Walmart in February 2024. *Id.* at ¶¶ 13–14. According to Plaintiff, she was hit by a pallet jack, lost her balance, and "scraped her leg and knee and injured her arm" when she fell down. *Id.* at ¶¶ 14–15. Plaintiff alleges that Defendant failed to provide any workplace accommodations based on her injuries, and failed to provide any scheduling flexibility to attend medical appointments. *Id.* at ¶¶ 16–26. Instead, Plaintiff contends that Defendant reduced her hours and ultimately terminated her in December 2025 in retaliation for her requested accommodations. *Id.* at ¶¶ 27–38. Based on these allegations, Plaintiff brings several claims for violations of California's Fair Employment and Housing Act ("FEHA"). *Id.* at ¶¶ 39–84. In the complaint, Plaintiff seeks $100,000 for "general, special, compensatory damages";

United States District Court
Northern District of California

$100,000 for "exemplary and punitive damages"; and $100,000 for "emotional distress damages"; as well as attorneys' fees, costs, and interest. *See id.* at 13 (Prayer for Relief).

Defendant removed this action in April 2026 on the basis of diversity jurisdiction: Defendant is incorporated in Delaware, and its principal place of business is in Bentonville, Arkansas, and Plaintiff is a resident of California. *See* Dkt. No. 1 at ¶ 1; *see also* Compl. at ¶ 1. On the face of the complaint, Plaintiff also seeks in excess of $75,000 in damages. *See* Compl. at 13 (Prayer for Relief). Plaintiff now moves to remand the case back to state court. Dkt. No. 11.

## II.    LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). The defendant's notice of removal must contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

On a motion to remand, federal courts must presume that a cause of action lies beyond its subject matter jurisdiction, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), and must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing federal jurisdiction. *See id.* at 566–67.

## III.    DISCUSSION

Plaintiff argues that Defendant has not established that the amount in controversy is met here. Dkt. No. 11. Specifically, Plaintiff states that Defendant's notice of removal "is unsupported by evidence" and is based on speculation. *Id.* at 5–7. But "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89

2

(2014) (citing 28 U.S.C. § 1446(a)).  Only if the plaintiff contests those allegations in a motion to remand must the Court "decide[], by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* at 88.  "[T]he plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations."  *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020).  "A 'facial' attack accepts the truth of the [defendant's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction."  *Id.* (quotation omitted) (alterations in original).  "A factual attack contests the truth of the . . . allegations themselves."  *Id.* (quotation omitted) (alterations in original).

Here, Plaintiff appears to conflate the two types of attack, demanding that Defendant proffer "summary-judgment-type evidence" while failing to dispute the truth of Defendant's allegations or the actual amount in controversy.  *See* Dkt. No. 11 at 6 (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015)).  Despite demanding concrete "evidence," at bottom, Plaintiff appears to be making a facial attack by challenging the sufficiency of Defendant's allegations.  But the Court is not persuaded.  Defendant provides ample support for its contention that the amount in controversy exceeds $75,000.  *See* Dkt. No. 1 at 6–11.

First, on the face of the complaint Plaintiff explicitly seeks in excess of $300,000.  *See* Compl. at 13 (Prayer for Relief).  She requests $100,000 for "general, special, compensatory damages"; $100,000 for "exemplary and punitive damages"; and $100,000 for "emotional distress damages"; as well as attorneys' fees, costs, and interest.  *Id.*  "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citations omitted).  Plaintiff offers no explanation why this presumption should not apply here.  The Court also notes the oddity of Plaintiff, in effect, undermining her own complaint by suggesting she may be overstating the amount of damages at issue here.

But even if Plaintiff's explicit request was somehow insufficient, Defendant also offers a detailed discussion of how it calculated the amount in controversy and the assumptions on which it

United States District Court
Northern District of California

3

United States District Court
Northern District of California

relies. *See* Dkt. No. 1 at 8–11. For example, Defendant calculated lost wages from Plaintiff's date of termination assuming conservatively that she earned minimum wage ($16.50 in Antioch, California at the time of termination), worked 40 hours a week, and that trial would be scheduled in approximately September 2027. *See id.* at 8–9; *see also* Dkt. No. 13 at 3, 7–8 (calculating $16.50 an hour x 40 hours a week x 92 weeks from termination = $60,720). Defendant also conservatively estimates attorneys' fees under FEHA in the amount of $30,000 using an hourly rate of $300, and provides examples of several single-plaintiff employment discrimination suits in which fees far exceeded that amount. *See id.* at 10–11 (collecting cases). Setting aside any other requested relief, such backpay and attorneys' fees already exceed the $75,000 amount in controversy.

In short, Plaintiff does not meaningfully contest Defendant's detailed allegations and reasonable assumptions, and the Court rejects Plaintiff's conclusory assertions to the contrary.[1]

## IV.   CONCLUSION

The Court **DENIES** the motion to remand. Dkt. No. 11. The case management schedule remains in place. Dkt. No. 12.

**IT IS SO ORDERED.**

Dated:  7/8/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court notes that Plaintiff did not file a reply brief in support of her motion to remand. Although not required under the Local Rules, Civil L.R. 7-3(c), it means Plaintiff offers no response at all to Defendant's detailed opposition and calculations.